**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cr-00012-TWP-VTW |
| | ) | |
| ELDRED EADY | ) | |
| a/k/a ELDRED D. EADY, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ENTRY ON THE PARTIES' MOTIONS *IN LIMINE* AND**
**NOTICE TO OFFER EVIDENCE**

Before the Court are several motions and a notice from the parties concerning evidence they wish to offer or exclude at the upcoming trial in this matter, including the following: (1) Defendant Eldred Eady's ("Eady") Motion *in Limine* (Filing No. 46); (2) the Unites States' (the "Government") Notice of Intent to Offer Evidence at Trial Regarding Defendant's Statements to his Wife (Filing No. 52); and (3) the Government's Motion *in Limine* Regarding Arguments Aimed at Jury Nullification (Filing No. 53). Eady is set to be tried by jury on September 12, 2022, for one count of being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1). (Filing No. 11.) For the following reasons, Eady's Motion is **granted in part** and **denied in part**, Eady's objection to the Government's Notice is **sustained**, and the Government's Motion is **granted in part and denied in part**.

## I.      LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2

(S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Hawthorne Partners*, 831 F. Supp. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.   DISCUSSION

### A.   Eady's Motion *in Limine*

In his Motion, Eady seeks a preliminary ruling to exclude three areas of potential evidence: (1) Eady was on supervised release at the time of his arrest; (2) the arresting officers believed Eady was on the "FBI's watch list"; and (3) Eady's wife, Pinky Eady ("Mrs. Eady"), has information regarding Eady's actions prior to the date of his arrest. (Filing No. 44 at 1.) Eady argues that each of these items is irrelevant to the offense he has been charged with and each are prejudicial and would arouse or inflame the passions and sympathies of the jury. *Id.*

In response, the Government indicated that it has no intention of offering evidence related to Eady being on supervised release[1] or the officers' thoughts or comments regarding the FBI watch list. (Filing No. 55 at 3-4.) As for the testimony of Mrs. Eady, the Government argues that it is unclear what specific pieces of evidence Eady wishes to exclude and argues that several pieces of it are relevant. *Id.* at 4. The Government also contends that a more detailed argument was set forth in its Notice informing the Court of its intention to introduce statements from Mrs. Eady (Filing No. 52).

---

[1] The Government did seek leave to introduce evidence of Eady being on supervised release in its rebuttal to his case-in-chief depending on the evidence that was presented. The Court acknowledges the Government's position and, if it becomes relevant at trial, the Government should raise the issue at that time.

The Court agrees with the Government. Given that the specific information that Mrs. Eady knows and would possibly testify to was not included in Eady's Motion, the Court cannot rule that this information is irrelevant for any purpose at trial. Any such ruling based on the information provided would be premature. Therefore, Eady's Motion *in Limine* is **granted** as to evidence related to him being on supervised release and the officers' belief that he was on the FBI's watch list but **denied** regarding the information Mrs. Eady has about Eady.

**B.    The Government's Notice**

In its Notice, the Government alerted the Court and Defendant of its intention to call Mrs. Eady as a witness and that she will testify that on at least one occasion, two months before he was pulled over, Eady asked to borrow her firearm but that she did not give him permission to do so. (Filing No. 52 at 2.) The Government argues that this testimony is relevant, direct evidence regarding whether Eady knowingly possessed the firearm during the charged offense. *Id.* at 3. Further, even if the Court were to reject the evidence for this reason, the Government argues that the testimony is still admissible under Federal Rule of Evidence 404(b) in that it could go to Eady's motive, knowledge, absence of mistake, and/or lack of accident. *Id.* at 3-4.

In response, Eady objects to the inclusion of this testimony. First, Eady argues that the alleged statement the Government seeks to introduce occurred two months prior to the date of Eady's arrest, making it irrelevant to the events that occurred on June 7, 2021. (Filing No. 59 at 1.) Second, Eady asserts that his wife's potential testimony on this issue lacks veracity as it does not serve as proof that he may or may not have possessed the firearm. *Id.* Additionally, the probative value of this testimony is far outweighed by the danger of unfair prejudice and confusing the issues for the jury. *Id.* at 2. Finally, Eady requests an additional motion *in limine* based on the Government's indication that the officers who pulled Eady over may testify that they were patrolling in a location that was a "high crime" area. *Id.* Eady argues that this is a subjective belief

of the officers that was not disclosed during discovery and is irrelevant to the charge pending against him. *Id.*

Eady's arguments are well-taken. Any alleged statement made by Eady to his wife two months prior to June 7, 2021, is not relevant to the whether he knowingly possessed the firearm on the date he was pulled over.  Eady's alleged request to borrow the firearm is an inadmissible prior bad act according to Federal Rule of Evidence 404(b), and the Government's presented purposes for introduction of the evidence do not fit into the permitted uses of 404(b)(2) given the two months between the statement and Eady's arrest. Thus, Eady's objection to the Government's Notice is **sustained** as to statements Eady allegedly made two months prior to June 7, 2021.

If the Government intends to have Mrs. Eady testify regarding statements made closer in time to June 7, 2021, those statements are not currently excluded and Eady can raise any further objections at trial.

Additionally, the Court agrees that the officers' testimony regarding the area Eady was pulled over in being "high crime" is irrelevant to the charge against him. This is especially true since the alleged reason for the stop was a failure to use his turn signal. Using the term "high crime" during the trial would be prejudicial to Eady and would confuse the issues before the jury. Thus, Eady's additional motion *in limine* is **granted.**

C.      **The Government's Motion *in Limine***

The Government seeks a preliminary ruling asking the Court to exclude all arguments aimed at jury nullification. Specifically, the Government seeks to exclude the following arguments: (1) arguments stating that Eady should be found not guilty because his possession of a firearm was for a brief period of time, (2) arguments stating that Eady is not guilty because the firearm he possessed was owned by his wife, and (3) any argument regrading potential penalties. (Filing No. 53 at 1.) In response, Eady asserts that he has no intention to argue that he is not guilty

4

due to the gun's ownership or mentioning any potential penalties he may suffer if found guilty. (Filing No. 60 at 2-3.) While not specifically addressing the Government's argument regarding possession of the firearm for a brief period of time, Eady does contend that his intention is to argue that he is not guilty of the alleged crime and the Government failed to prove the charge beyond a reasonable doubt. *Id.* at 2.

Jury nullification occurs when a jury acquits a criminal defendant even though the Government has met its burden of proof. *United States v. Zheng*, No. 14-cr-424, 2017 WL 3434228, at *2 (N.D. Ill. Aug. 10, 2017). "Neither the court nor counsel should encourage jurors to exercise nullification power, and the Court may preclude defense attorneys from any attempts to present evidence or argument in favor of nullification." *Id.* (citing *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996)).

The Court will preclude, both through this order and at trial, any arguments or attempts at jury nullification. But the Court does not find that the evidence related to the length of time Eady possessed the firearm needs to be specifically excluded through a motion *in limine*. The Government is correct regarding the Seventh Circuit's decisions regarding possession as it relates to the amount of time, *see United States v. Hendricks*, 319 F.3d 993, 1005 (7th Cir. 2003); however, the decision in *Hendricks* demonstrates that the jury will be instructed on the law regarding possession. *Id.* at 1004-05. This will inform the jury of how to reach their decision based on the evidence and testimony that is presented at trial.

Therefore, the Government's Motion *in Limine* is **granted** as to arguments regarding Eady not being guilty because his wife owned the firearm and potential penalties, and the motion is **denied** as to the arguments regarding the period of time Eady possessed the firearm. If the Government believes a particular line of questioning, argument, or evidence made or presented during trial is improper, it may renew its objection at that time.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Eldred Eady's Motion *in Limine* (Filing No. 46); (2) **SUSTAINS** Eady's objection to the Government's Notice of Intent to Offer Evidence at Trial Regarding Defendant's Statements to his Wife (Filing No. 52); and (3) **GRANTS IN PART** and **DENIES IN PART** the Government's Motion *in Limine* Regarding Arguments Aimed at Jury Nullification (Filing No. 53).

An order *in limine* is not a final, appealable order. If the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence outside the presence of the jury.

**SO ORDERED.**

Date:    8/23/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Jennifer H. Culotta
CULOTTA & CULOTTA LLP
jennifer@culottalaw.com

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
abhishek.kambli@usdoj.gov